**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 25 2019

MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMANTHA ELIZABETH BRAGG

Plaintiff,

v.

No. 1:19-cv-00360-RB-JHR

DR. DONALD A. SHIFFLER, Chief Scientist,
DR. JEREMY MURRAY-KREZAN, Assistant Chief Scientist,
DR. KELLY D. HAMMETT, Directed Energy Directorate,
DIRECTED AIRFORCE RESEARCH LABORATORY, and
KIRTLAND AIR FORCE BASE,

Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint (Doc. 1

("Compl.")), filed April 19, 2019, and on Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs (Doc. 2, filed April 19, 2019.

### Application to Proceed In Forma Pauperis

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fe. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) her average monthly income amount during the past 12 months was $400.00; (ii) she expects $400.00 in income next month; and (iii) her monthly expenses total $450.00. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because she signed an affidavit declaring that she is unable to pay the costs of these proceedings and because of her low monthly income.

**Dismissal of the Case**

Plaintiff alleges that she has been harassed with "electronic/directed energy." (Compl. at 6.) "Directed-energy weapon is a ranged weapon system that inflicts damage at a target by emission of highly focused energy." (*Id.* at 7.) Plaintiff alleges that "after reviewing both medical documentation and environmental changes, [Plaintiff's] second degree burns are from a directed energy weapon." (*Id.* at 18.) Plaintiff does not identify the persons harassing/injuring her. Plaintiff "is requesting emergency medical assistance from the United States Air Force, to test and eliminate the frequencies being used to torment, harass and burn her." (*Id.*)

Plaintiff's Complaint fails to state a claim. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal

2

court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The only allegation mentioning Defendants states:

> The position of Directed Energy Directorate, Dr. Kelly D. Hammett, Chief Scientist, Dr. Donald A. Shiffler, and Assistant Chief Scientist, Dr. Jeremy Murray-Krezen, are located at the air force research laboratory, Kirtland air force base, Albuquerque, New Mexico. The Air Force Research Laboratory, 3550 Aberdeen Avenue SE, building 497, Kirtland Air Force Base, New Mexico, 87117-5776, has both research and testing facilities for electromagnetic systems and directed microwave energy (mm wave).

(Compl. at 2.) Plaintiff states she "is asking the United States Air Force research laboratory or a military component to schedule the necessary testing to save her life." (*Id.* at 6.) Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Because Plaintiff failed to state a claim, the Court must dismiss the case.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 19, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**ROBERT C. BRACK**
**SENIOR UNITED STATES DISTRICT JUDGE**